# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## NOVEMBER 1999 SESSION

FILED

**January 7, 2000**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **CHARLES C. GARY,** | ) | M1998-00457-CCA-R3-CD |
| Appellant, | ) | **C.C.A. NO. 01C01-9901-CR-00020** |
| | ) | |
| VS. | ) | **DAVIDSON COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **HON. CHERYL A. BLACKBURN,** |
| | ) | **JUDGE** |
| Appellee. | ) | |
| | ) | (Post-conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**JEFRE S. GOLDTRAP**              **PAUL G. SUMMERS**
207 Third Ave. N.                 Attorney General & Reporter
P.O. Box 190599
Nashville, TN  37219-0599         **KIM R. HELPER**
                                  Asst. Attorney General
                                  425 Fifth Ave., N.
                                  Nashville, TN  37243

                                  **VICTOR S. JOHNSON III**
                                  District Attorney General

                                  **ROGER MOORE**
                                  **GRADY MOORE**
                                  Asst. District Attorneys General
                                  Washington Sq., Suite 500
                                  222 Second Ave., N.
                                  Nashville, TN  37201-1649


ORDER FILED:_____


**AFFIRMED PURSUANT TO RULE 20**


**JOHN H. PEAY,**
Judge

# O R D E R

The petitioner was convicted in 1972 of accessory before and after the fact of armed robbery, and sentenced to ten years incarceration. After serving approximately two years of his sentence, petitioner escaped. He was subsequently convicted of state and federal charges in Missouri. He was released from custody on these subsequent convictions in 1988; he was not arrested on the escape charge until 1997. Petitioner pled guilty, accepting a one year sentence consecutive to the time remaining on his original ten year sentence. Petitioner then filed for post-conviction relief, alleging that his guilty plea was constitutionally infirm because it resulted from ineffective assistance of counsel. After a hearing, the trial court denied relief, and this appeal followed. Upon our review of the record, we affirm the action of the trial court pursuant to Rule 20 of this Court.

Petitioner alleges that his trial counsel was ineffective in failing to tell him that the jury could set the sentence for escape; failing to inform him of the sentence he faced by pleading guilty; failing to advise him correctly about his parole eligibility on the ten year sentence; and failing to advise him that he had the right to appeal the trial court's denial of his motion to dismiss while proceeding to trial. The trial court heard proof on these allegations from both petitioner and his trial lawyer. Also introduced at the post-conviction hearing were the transcript of the guilty plea; the petitioner's written plea of guilty; and the judgment form. Upon reviewing the evidence, the trial court denied relief, finding that the petitioner had been advised at his guilty plea hearing of the jury's right to set the punishment for escape; that he did know of the sentence he would receive upon pleading guilty; that his lawyer did not misadvise him regarding his ten year sentence; and that he did know of his right to appeal the court's denial of his motion to dismiss.

The evidence does not preponderate against these findings. Since the action was taken in a proceeding without a jury and was not a determination of guilt, and because no error of law requiring a reversal of the trial court's action is apparent on the record, we affirm the trial court's action in accordance with Rule 20 of the Court of

2

Criminal Appeals of Tennessee.

It is so ordered.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
NORMA M. OGLE, Judge

3